**(125 So. 65)**

**No. 30140.**

### STATE v. LOPEZ.

Nov. 4, 1929. Rehearing Denied Dec. 2, 1929.

Richard A. Dowling, Melvin P. Barre, and Lubin F. Laurent, all of New Orleans, for appellant.

Percy Saint, Atty. Gen., John E. Fleury, Dist. Atty., of Gretna, E. R. Schowalter, Asst. Atty. Gen., and E. M. Conzelmann, Asst. Dist. Atty., of Gretna, for the State.

OVERTON, J. Defendant prosecutes this appeal from a conviction and sentence for carrying a concealed weapon.

The first bill of exceptions to be considered was taken to the refusal of the trial judge to sustain a motion to quash the bill of information. The motion to quash rests in part upon article 218 of the Code of Criminal Procedure, which reads as follows: "When two or more crimes result from a single act; or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment." The motion also rests in part on the allegation that "Defendant herein has been charged with several crimes in several separate informations all of which said alleged crimes were the result of one continuous unlawful transaction, all of which is contrary to the provisions of the aforementioned article."

On the trial of the motion the following admission was made: "It is admitted that, if the witnesses were produced they would tes-

tify that the charge of carrying a concealed weapon grew out of, and was part of the same transaction, wherein the accused, Gaston Lopez, was charged with cattle stealing, on Oct. 26th, 1928, and upon which charge of cattle stealing he was tried and acquitted by a jury in this court, April 15th, 1929. The facts are the same, the transaction is the same, the time is the same."

It is defendant's contention that, as he was not charged in the bill of information for cattle stealing with the offense of carrying a concealed weapon, he cannot now be charged with the latter offense, since both offenses were the result of a single act or one continuous unlawful transaction, and therefore, under the terms of article 218 of the Code, had to be charged, if charged at all, in one indictment.

Two or more crimes, within the intendment of article 218 of the Code of Criminal Procedure, do not result from a single act or from one continuous unlawful transaction, merely because each crime was committed at the same time and place, and merely because the commission of one, or the contemplated commission of it, may have influenced, in some degree, the commission of the others. Two or more crimes are the result of a single act, or of one continuous unlawful transaction, when the commission of the act or the execution of the continuous transaction bring each into existence. For example, if a groceryman should sell for beverage purposes a flask of whisky from his store on Sunday, he, by this single act, would be guilty of two offenses, one of violating the prohibition law and the other of violating the Sunday law, and both offenses, under the terms of article 218, would have to be charged in one indictment. The offenses of cattle stealing and carrying a concealed weapon cannot be said, within the intendment of the article, to be the result of a single act or continuous unlawful transaction, although the commission, or con-

templated commission, of the former may have influenced the commission of the latter, and although both may have been committed at the same time and place. Any admission of counsel, purporting to show the contrary, being merely an admission as to what the law is, is not binding on the courts, for the courts are supposed to apply the law as it is, and not as counsel admit it to be. The motion was properly overruled.

When the foregoing motion was overruled, defendant filed a plea of autrefois acquit. This plea rests upon the theory that defendant was charged with and acquitted of cattle stealing; that the offense charged against him of carrying a concealed weapon was part of the same transaction as the offense with which he was charged and acquitted, and was included in that offense.

On the trial of the motion the defendant requested the court to charge itself as follows: "If the defendant, Gaston Lopez, is the same person who was tried and acquitted of 'cattle stealing', and if the charge was part of the same transaction and happened on the same date and at the same time, then this offense, 'carrying a concealed weapon,' which is a misdemeanor, was merged in the greater crime, 'cattle stealing', which is a felony, and an acquittal of the greater crime is an acquittal of the lesser crime, and the plea of autrefois acquit should prevail, and the defendant be ordered discharged."

The court refused to so charge itself, and overruled the plea of autrefois acquit. The refusal to give the charge and the overruling of the plea are made to appear in two separate bills of exception.

The two offenses are distinct offenses. We have already held that they are not the result of the same act or continuous transaction. As they are not the result of the same act, the misdemeanor, under consideration, cannot be held to have been merged into the

felony of cattle stealing.  16 C. J. p. 59, § 10. Moreover, the two crimes are so distinct that the evidence required to convict on one of the charges would be wholly insufficient to convict the other.  It is clear therefore that the plea of autrefois acquit is not well founded, and that the court properly refused the special charge requested.

The conviction and the sentence appealed from are affirmed.

O'NIELL, C. J., concurs in the decree, but is of the opinion that article 218 of the Code of Criminal Procedure cannot be construed so as to make an indictment for a misdemeanor triable by a jury, or an indictment for a felony triable by the judge alone, without violating section 9 of article 1 of the Constitution.